Filed 5/27/26  P. v. Majors CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086405 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD305430) |
| ADOLPHUS MAJORS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert O. Amador, Judge.  Affirmed as modified.

Jake E. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, A. Natasha Cortina and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

A jury convicted Adolphus Majors of one count of possession for sale of a controlled substance in violation of Health and Safety Code section 11378. At the sentencing hearing, the trial court found Majors did not have the ability to pay the "Court Security Fee" of $40 or the "Criminal Conviction Fee" of $30. (See *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1164.) But the court's June 26, 2025 minute order and abstract of judgment both reflect that the trial court imposed a $40 court operations assessment (Pen. Code, § 1465.8) and a $30 criminal conviction assessment (Gov. Code, § 70373).

Majors argues, and the People concede, that the court operations assessment and criminal conviction assessment must be stricken because they were not orally pronounced by the court. We agree with the parties. Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. (See, e.g., *People v. Zackery* (2007) 147 Cal.App.4th 380, 387–389; *People v. Mitchell* (2001) 26 Cal.4th 181, 185–186 (*Mitchell*).) We have the authority to correct such clerical errors. (See *Mitchell,* at p. 185.)

The abstract of judgment and minute order are plainly inconsistent with the trial court's oral pronouncement that Majors had "no ability to pay" the court operations and criminal conviction assessments. Because the trial court's oral pronouncement controls, both assessments shall be stricken from the abstract of judgment, and the minute order shall be corrected.

DISPOSITION

The judgment is modified to strike the $40 court operations assessment under Penal Code section 1465.8 and the $30 criminal conviction assessment under Government Code section 70373. As so modified, the judgment is affirmed. The clerk of the superior court is directed to correct the June 26,

2

2025 minute order and abstract of judgment, prepare an amended abstract of judgment, and forward a certified copy to the Department of Corrections and Rehabilitation.


                                                                    DO, J.

WE CONCUR:


DATO, Acting P. J.


KELETY, J.